# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DOROTHY HARRIS,**

        **Plaintiff,**

**-vs-**          **Case No. 6:17-cv-130-Orl-18GJK**

**ASURION, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**   **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**   **January 25, 2017**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice and Plaintiff be directed to file an amended complaint within and a renewed motion to proceed in forma pauperis.**

**I.  BACKGROUND.**

On January 25, 2017, Dorothy Harris (the "Plaintiff") initiated this action pro se by filing a complaint (the "Complaint") against Asurion, LLC. Doc. No. 1. The Complaint alleges that Defendant fired Plaintiff without giving her three warnings before doing so, as required by her employment agreement. Id. at 4. Plaintiff is suing Defendant for seven million dollars. Id. Plaintiff lists a Tennessee address for Defendant. Id. at 2.

Now before the Court is Plaintiff's Application to Proceed Without Prepaying Fees or Costs (the "Motion"), which seeks to proceed without the paying the filing fee or the costs of service of process. Doc. No. 2

## II.     THE LAW.

### A. The Statute and Local Rules.

The United States Congress requires the district court to review a civil complaint filed in forma pauperis and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[1] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings in forma pauperis. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. Herskowitz v. Reid, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing Howard v. Lemmons, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Federal

---

[1] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. Id.

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings in forma pauperis. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced in forma pauperis. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. Id. The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

**B.     Discretion under 28 U.S.C. § 1915.**

Section 1915 grants broad discretion to the district courts in the management of in forma pauperis cases, and in the denial of motions to proceed in forma pauperis when the complaint is frivolous.[2] Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. Phillips, 746 F.2d at 785; Jones v. Ault, 67 F.R.D. 124, 127 (S.D. Ga.1974), aff'd without opinion, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order

---

[2] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). Walp v. Scott, 115 F.3d 308 (5th Cir. 1997).

to prosecute an action that is totally without merit. <u>Phillips</u>, 746 F.2d at 785*;* <u>Collins v. Cundy</u>, 603 F.2d 825, 828 (10th Cir. 1979).

### C. Federal Rule of Civil Procedure 8.

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). Rule 8(d) requires that a pleading be simple, concise and direct.

### E. Pro Se Plaintiff.

A pro se plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989). If Plaintiff continues pro se, she must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

## III. <u>ANALYSIS</u>.

The Complaint fails to comply with the requirements of Rule 8, Federal Rules of Civil Procedure. For the Complaint, Plaintiff filled out a form, but left the section regarding basis for jurisdiction blank. Doc. No. 1 at 3-4. It is recommended that Plaintiff be afforded an opportunity to file an amended complaint.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Application to Proceed in District Court Without Prepaying Fees or

Costs (Doc. No. 2);

2. **DISMISS** the case; and

3. Grant Plaintiff leave to file an amended complaint within a time established by the Court along with a renewed motion to proceed in forma pauperis, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

    a. **the basis upon which the Court has subject matter jurisdiction**;

    b. what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by Defendant;[3]

    c. a short plain statement of facts as to each claim and the Defendant's involvement in the violation alleged in each claim;

    d. how Plaintiff has been damaged or injured by the actions or omissions of the Defendant; and

    e. a clear statement of the relief sought.

The amended complaint should not refer back to the original complaint. Plaintiff shall mail or provide the amended complaint to the Court with a copy for each defendant. **At the time Plaintiff files an amended complaint, Plaintiff shall also file a renewed motion to proceed in**

---

[3] It is improper for Plaintiff to merely list constitutional rights or federal statutes.

**forma pauperis using an approved form or pay the full filing fee.**

      **DONE and ORDERED** in Orlando, Florida, on January 27, 2017.

                                        GREGORY J. KELLY
                                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Parties