UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DOROTHY HARRIS,

                    Plaintiff,

-vs-                                                    Case No. 6:17-cv-130-Orl-18GJK

ASURION, LLC,

                    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| MOTION: | APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 7) |
| FILED: | February 7, 2017 |

THEREON it is RECOMMENDED that the motion be DENIED without prejudice and Plaintiff be directed to file a second amended complaint and a renewed motion to proceed *in forma pauperis* within a time established by the Court.

I.    BACKGROUND.

On January 25, 2017, Dorothy Harris (the "Plaintiff") initiated this action pro se by filing a complaint (the "Complaint") against Asurion, LLC. Doc. No. 1. The Complaint alleges that Defendant fired Plaintiff without giving her three warnings before doing so, as required by her employment agreement. *Id.* at 4. Plaintiff is suing Defendant for seven million dollars. *Id.* Plaintiff lists a Tennessee address for Defendant. *Id.* at 2. Plaintiff also sought to proceed *in*

*forma pauperis*. Doc. No. 2. On January 27, 2016, the undersigned issued a Report and Recommendation recommending that the request to proceed *in forma pauperis* be denied, the case be dismissed, and Plaintiff be granted leave to file an amended complaint, as the Complaint failed to allege a basis for jurisdiction. Doc. No. 3 at 4-6.

On February 7, 2017, Plaintiff filed an Amended Complaint and a new Application to Proceed Without Prepaying Fees or Costs (the "Renewed Motion"). Doc. Nos. 6, 7. The only change made in the Amended Complaint from the original Complaint is that, under the Jurisdiction section of the form Plaintiff used for the Amended Complaint, Plaintiff checked the box for federal jurisdiction and stated that the federal statute at issue is Title VII of the Civil Rights Act of 1964. Doc. No. 6 at 3.

## II.    THE LAW.

### A.    Jurisdiction and Pleading.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)).[1] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *Id.*

The Federal Rules of Civil Procedure mandate that a pleading stating a claim for relief

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

must contain the following: 1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). Rule 8(d) requires that a pleading be simple, concise, and direct.

### B.  Proceeding *In Forma Pauperis*.

The United States Congress requires the district court to review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915.[2] The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A)  the allegation of poverty is untrue; or
> (B)  the action or appeal --
>     (i)  is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii)  seeks monetary relief against a defendant who is immune from such relief.

Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases, and in the denial of motions to proceed *in forma pauperis* when the complaint is

---

[2] Section 1915A of 28 U.S.C. requires the district court to screen only prisoner's complaints. Nevertheless, the district court screens other complaints pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.07(a).

frivolous.[3] *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The pauper's affidavit should not be a broad highway into the federal courts. *Phillips*, 746 F.2d at 785; *Jones v. Ault*, 67 F.R.D. 124, 127 (S.D. Ga.1974), *aff'd without opinion*, 516 F.2d 898 (5th Cir. 1975). Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit. *Phillips*, 746 F.2d at 785; *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

---

[3] At least one court of appeals views the Prisoner Litigation Reform Act of 1996 as removing some of a district court's discretion and requiring dismissal if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim under Section 1915(e)(2). *Walp v. Scott*, 115 F.3d 308 (5th Cir. 1997).

4

**C.      Pro Se Plaintiffs.**

A pro se plaintiff "is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). If Plaintiff continues pro se, she must abide by the Local Rules for the Middle District of Florida, the Federal Rules of Civil Procedure, and the applicable substantive law.

**III.   <u>ANALYSIS</u>.**

The Amended Complaint fails to comply with the requirements of Rule 8, Federal Rules of Civil Procedure. For the Amended Complaint, Plaintiff filled out a form, as she did for the original Complaint. Doc. No. 6. Although Plaintiff alleges in the form that there is federal question jurisdiction based on Title VII of the Civil Rights Act of 1964, the facts alleged do not implicate the Act. Plaintiff alleges that she was fired without receiving three warnings of infractions pursuant to the terms of her employment agreement. *Id.* at 4. She also alleges, "The reasons for my termination remain unknown to me." *Id.* These allegations are insufficient to bring Plaintiff's claim within the ambit of the Civil Rights Act, which makes it an unlawful employment practice for employers to discharge an employee "because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2 (setting forth unlawful employment practices). Plaintiff also fails to allege a discriminatory practice made unlawful by Title VII of the Civil Rights Act of 1964. Therefore, it is recommended that the Amended Complaint be dismissed, but that Plaintiff be afforded one more opportunity to draft a complaint that complies with the Federal Rules of Civil Procedure.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1.      **DENY** the Renewed Motion (Doc. No. 7);

5

2.      **DISMISS** the case; and

3.      Grant Plaintiff leave to file a second amended complaint within a time established by the Court along with a renewed motion to proceed *in forma pauperis*, with the warning that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice. In the amended complaint, Plaintiff should include:

   a.      **the basis upon which the Court has subject matter jurisdiction**;

   b.      what rights under the Constitution, laws, or treaties of the United States or otherwise have allegedly been violated by Defendant;[4]

   c.      a short plain statement of facts as to each claim and the Defendant's involvement in the violation alleged in each claim;

   d.      how Plaintiff has been damaged or injured by the actions or omissions of the Defendant; and

   e.      a clear statement of the relief sought.

The second amended complaint should not refer back to the original or amended complaints. Plaintiff shall mail or provide the second amended complaint to the Court with a copy for each defendant. **At the time Plaintiff files the second amended complaint, Plaintiff shall also file a renewed motion to proceed *in forma pauperis* using an approved form or**

---

[4] It is improper for Plaintiff to merely list constitutional rights or federal statutes.

6

**pay the full filing fee.**

**DONE and ORDERED** in Orlando, Florida, on February 13, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Unrepresented Parties